**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

TANYA MARIE PAUL
238 Starboard Way
Mt. Laurel, NJ 08054

         Plaintiff,
    vs.

MEDLINE INDUSTRIES, INC.
Three Lakes Drive
Northfield, IL 60093

and

MEDLINE INDUSTRIES HOLDINGS, L.P.
Three Lakes Drive
Northfield, IL 60093

and

MEDLINE HEALTHCARE SERVICES,
LLC
Three Lakes Drive
Northfield, IL 60093

and

MEDLINE INTERNATIONAL SALES
CORPORATION
Three Lakes Drive
Northfield, IL 60093

and

MEDLINE INTERNATIONAL, LLC
Three Lakes Drive
Northfield, IL 60093

and

No.:

1

MEDICAL SALES, LLC, a/k/a. d/b/a, f/k/a
MEDLINE INTERNET, LLC
Three Lakes Drive
Northfield, IL 60093

and

MEDLINE INVESTMENTS, LLC
Three Lakes Drive
Northfield, IL 60093

and

MEDLINE DIAMED, LLC
Three Lakes Drive
Northfield, IL 60093

and

MEDLINE LABORATORIES
Three Lakes Drive
Northfield, IL 60093

and

MEDLINE MILLS INDUSTRIES, LLC
Three Lakes Drive
Northfield, IL 60093

and

MEDLINE NORTH, INC.
Three Lakes Drive
Northfield, IL 60093

and

MEDLINE MANUFACTURING AND
SERVICES, LLC
Three Lakes Drive
Northfield, IL 60093

and

MEDLINE PLUROGEN, LLC
Three Lakes Drive
Northfield, IL 60093

and

MEDLINE REPROCESSING
Three Lakes Drive
Northfield, IL 60093

and

MEDLINE SOONER ACQUISITION
Three Lakes Drive
Northfield, IL 60093

and

MEDLINE VENTURES, LLC
Three Lakes Drive
Northfield, IL 60093

and

MEDLINE, INC.
C/O AMERICAN INCORPORATORS, LTD.
1013 Centre Road, Suite 403A
Wilmington, DE 19805

and

MEDLINE INTERNATIONAL DISC., INC.
C/O THE CORPORATION TRUST
COMPANY
1209 Orange Street
Wilmington, DE 19801

and

MEDLINE INTERNATIONAL HOLDCO,
INC.
C/O CORPORATION SERVICE COMPANY
251 Little Falls Drive
Wilmington, DE 19808

3

MEDLINE INTERNATIONAL IP
HOLDINGS, LLC
C/O CORPORATION SERVICE COMPANY
251 Little Falls Drive
Wilmington, DE 19808

and

MEDLINE, LLC
C/O CORPORATION SERVICE COMPANY
251 Little Falls Drive
Wilmington, DE 19808

and

MEDLINE MEDICAL, LLC
C/O AGENTS AND CORPORATIONS
1201 Orange Street, Suite 600
Wilmington, DE 19801

and

MEDLINE USA CORP
Three Lakes Drive
Northfield, IL 60093

and

MEDLINE INDUSTRIES HEALTHCARE
Three Lakes Drive
Northfield, IL 60093

and

AMAZON.COM, INC., d/b/a
AMAZON.COM
410 Terry Avenue North
Seattle, WA 98108

and

AMAZON.COM, LLC
410 Terry Avenue North
Seattle, WA 98108

4

and

AMAZON.COM SALES, INC.
410 Terry Avenue North
Seattle, WA 98108

and

AMAZON.COM SERVICES, LLC
410 Terry Avenue North
Seattle, WA 98108

and

AMAZON.COM SERVICES, INC.
202 Westlake Avenue N.
Seattle, WA 98108

                Defendants.

## PLAINTIFF'S COMPLAINT

Plaintiff, Tanya Marie Paul, by and through her undersigned counsel, herein complains and demands damages, upon the causes of action set forth below:

1.     Plaintiff, Tanya Marie Paul is an adult individual currently residing in the State of New Jersey.

2.     Defendant Medline Industries, Inc. is an Illinois corporation with a principal place of business located at Three Lakes Drive, Northfield, Illinois 60093.

3.     Defendant Medline Industries Holdings, L.P. is a Delaware Corporation with a principal place of business located at Three Lakes Drive, Northfield, Illinois 60093.

4.     Defendant Medline Healthcare Services, LLC is a Delaware Corporation with a principal place of business located at Three Lakes Drive, Northfield, Illinois 60093.

5.      Defendant Medline International Sales Corporation is a Delaware Corporation with a principal place of business located at Three Lakes Drive, Northfield, Illinois 60093.

6.      Defendant Medline International, LLC is a Delaware Corporation with a principal place of business located at Three Lakes Drive, Northfield, Illinois 60093.

7.      Defendant Medical Sales, LLC, a/k/a, d/b/a, f/k/a Medline Internet, LLC is a Delaware Corporation with a principal place of business located at Three Lakes Drive, Northfield, Illinois 60093.

8.      Defendant Medline Investments, LLC is a Delaware Corporation with a principal place of business located at Three Lakes Drive, Northfield, Illinois 60093.

9.      Defendant Medine Diamed, LLC is a Delaware Corporation with a principal place of business located at Three Lakes Drive, Northfield, Illinois 60093.

10.     Defendant Medline Laboratories is a Delaware Corporation with a principal place of business located at Three Lakes Drive, Northfield, Illinois 60093.

11.     Defendant Medline Mills Industries, LLC is a Delaware Corporation with a principal place of business located at Three Lakes Drive, Northfield, Illinois 60093.

12.     Defendant Medline North, Inc. is a Delaware Corporation with a principal place of business located at Three Lakes Drive, Northfield, Illinois 60093.

13.     Defendant Medline Manufacturing and Services, LLC is a Delaware Corporation with a principal place of business located at Three Lakes Drive, Northfield, Illinois 60093.

14.     Defendant Medline Plurogen, LLC is a Delaware Corporation with a principal place of business located at Three Lakes Drive, Northfield, Illinois 60093.

15.     Defendant Medline Reprocessing is a Delaware Corporation with a principal place of business located at Three Lakes Drive, Northfield, Illinois 60093.

16.     Defendant Medline Sooner Acquisition is a Delaware Corporation with a principal place of business located at Three Lakes Drive, Northfield, Illinois 60093.

17.     Defendant Medline Ventures, LLC is a Delaware Corporation with a principal place of business located at Three Lakes Drive, Northfield, Illinois 60093.

18.     Defendant Medline Inc. is a Delaware Corporation with its registered agent for service of process as follows: American Incorporators, Ltd. 1013 Centre Road, Suite 403A, Wilmington, DE 19805.

19.     Defendant Medline International Disc., Inc. is a Delaware Corporation with its registered agent for service of process as follows: The Corporation Trust Company, 1209 Orange Street, Wilmington, DE 19801

20.     Defendant Medline International Holdco, Inc. is a Delaware Corporation with its registered agent for service of process as follows: Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

21.     Defendant Medline International IP Holdings, LLC is a Delaware Corporation with its registered agent for service of process as follows: Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

22.     Defendant Medline, LLC is a Delaware Corporation with its registered agent for service of process as follows: Corporation Service Company, 251 Little Falls Drive, Wilmington, DE 19808.

23.     Defendant Medline Medical, LLC is a Delaware is a Delaware Corporation with its registered agent for service of process as follows: Agents and Corporations, 1201 Orange Street, Suite 600, Wilmington, DE 19801.

24.     Defendant Medline USA Corp is a Delaware Corporation with a principal place of business located at Three Lakes Drive, Northfield, Illinois 60093.

25.     The Medline entities which are identified above shall hereinafter be collectively referred to as the "Medline Entities."

26.     Amazon.com, Inc., d/b/a Amazon.com is a Washington Corporation with a principal place of business located at 410 Terry Avenue North, Seattle, Washington 98108.

27.     Amazon.com, LLC is a Washington Corporation with a principal place of business located at 410 Terry Avenue North, Seattle, Washington 98108.

28.     Amazon.com Sales, Inc. is a Washington Corporation with a principal place of business located at 410 Terry Avenue North, Seattle, Washington 98108.

29.     Amazon.com Services, LLC is a Washington Corporation with a principal place of business located at 410 Terry Avenue North, Seattle, Washington 98108.

30.     Amazon.Com Services, Inc. is a Washington Corporation with a principal place of business located at 202 Westlake Avenue N. Seattle, Washington.

31.     The Amazon entities which are identified above shall collectively be referred to as the "Amazon Entities."

32.     In November of 2018, Ms. Paul purchased a pair of Medline Aluminum Forearm Crutches (Model. No./Ref: MDS805161) from amazon.com.

33.     Amazon, one of the world's most valuable retail companies, has a website, Amazon.com, that serves as an online marketplace.

34.     The Amazon Defendants, individually and/or collectively, took physical possession of the subject crutches.

35.    The Amazon Defendants, individually and/or collectively, shipped the product to Ms. Paul in their own box.

36.    The Amazon Defendants, individually and/or collectively, represented to Ms. Paul that they were the seller of the subject crutches.

37.    It is believed and therefore averred that the Amazon Defendants, individually and/or collectively, adopted a proprietary stance with respect to the sale of the crutches.

38.    It is believed and therefore averred that the Amazon Defendants, individually and/or collectively, limit communication between the buyer and the manufacturer to Amazon's website.

39.    It is believed and therefore averred that Amazon processed all payments for the crutches.

40.    It is believed and therefore averred that the Medline Defendants, individually and/or collectively were required to provide information about the crutches to Amazon as required by Amazon.

41.    It is believed and therefore averred that the Amazon Defendants, individually and/or collectively, maintained substantial control over the listing of the subject crutches on its marketplace.

42.    Specifically, the Amazon Defendants, individually and/or collectively, exercised control over the listing of the subject crutches by controlling and/or retaining the right to control the right to change, suspend, prohibit and/or modify the listing.

43.    Furthermore, the Amazon Defendants, individually and/or collectively, retain the right to remove a product from the shelf if they are notified the product is defective.

44.     Additionally, the Amazon Defendants, individually and/or collectively, retained the right to discard Medline products that Amazon deemed defective.

45.     According to Plaintiff's order details, the crutches were sold by Amazon.Com Services, LLC.

46.     According to the current Amazon page for the product, it is manufactured by "Medline."         *See*         www.amazon.com/medline-MDS805161-Aluminium-Forearm-Crutches/dp/B0083DFOW.

47.     The Amazon page further states that the product is manufactured by Medline Industries Healthcare.  *Id.*

48.     Medline's website merely states that the crutches are manufactured by "Medline."



**Medline Forearm Crutches**

Manufacturer: Medline

☐ Compare

Close Item List

| Material | Description | Packaging |
|---|---|---|
| MDS805161 | Aluminum Forearm Crutches, Adult | 2/PR |

49.     It is believed and therefore averred that the Amazon Defendants and Medline Defendants, individually and/or collectively, designed, manufactured, tested, supplied, sold, and/or distributed the subject crutches.

50.     It is believed and therefore averred that the Medline entities exercised significant control over the design, manufacturing, packaging, and/or labeling of the subject crutches.

51.     May 5, 2019, Tanya Marie Paul was using the subject crutches to assist her in ambulate.

52.     Ms. Paul suffers from multiple sclerosis; therefore, she needs crutches to assist her while ambulating.

53.     While using the crutches in a normal and foreseeable manner, the arm/cuff area of one of the crutches broke, became dislodged and/or otherwise failed causing Ms. Paul to fall, which resulted in serious and permanent injuries to her as set forth in detail below.

54.     As a direct, substantial, and factual cause of the subject incident, Plaintiff suffered injuries to her left eye, left ankle, right hand injuries, right leg injuries, and a traumatic brain injury, cognitive deficits, scarring and disfigurement, neurological deficits caused by her injuries, tinnitus, hearing deficits, neck injuries, spinal injuries, upper extremity injuries, facial injuries/trauma.

55.     As a direct, substantial and factual cause of the subject incident, Ms. Paul suffered an aggravation of her multiple sclerosis.

56.     As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the product, Plaintiff underwent surgery and/or may require surgery in the future.

57.     As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the product, Plaintiff required medical

treatment and care and may require care in the future, including surgery, which would not have been necessary but for Defendants' negligence.

58.    As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the product, Plaintiff has suffered and will suffer, and/or may suffer in the future pain and suffering, scarring, disfigurement, humiliation, embarrassment, inconvenience, aches and pains, restrictions of movement, and the loss of ability to engage in and enjoy normal pursuits and activities of daily living.

59.    As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the product, Plaintiff has developed or may develop in the future painful conditions and/or arthritic conditions and/or other future medical complications due to her injuries.

60.    As a direct, proximate, and substantial result of Defendants' individual and/or collective negligence, carelessness, recklessness, tortious and/or intentional conduct as herein described, Plaintiff has incurred and may incur in the future medical expenses due to her injuries.

61.    As a direct, proximate, and substantial result of Defendants' individual and/or collective negligence, carelessness, recklessness, tortious and/or intentional conduct as herein described, Plaintiff has suffered lost earnings, and may in the future suffer a loss of earnings and/or earnings capacity.

62.    The Amazon Defendants and Medline Defendants, individually and/or collectively, failed to incorporate available safety features and/or technology into the design of the crutches.

63.    The Amazon Defendants and Medline Defendants, individually and/or collectively, designed, manufacture, distributed, and/or sold crutches which are defectively designed and lack adequate safeguards that would prevent the traumatic injuries suffered by Plaintiff.

64.     The Amazon and Medline Defendants, individually and/or collectively, knew or should have known that the Medline crutches were prone to breaking and/or failing during normal use.

## COUNT I - STRICT LIABILITY – NEW JERSEY PRODUCTS LIABILITY ACT
## PLAINTIFF  V. ALL DEFENDANTS

65.     The above paragraphs are incorporated herein by reference as if the same were fully set forth herein.

66.     The Medline and Amazon Defendants, individually and/or collectively,  at all times pertinent to this Complaint were engaged in the design, testing, manufacture, marketing, development, distribution and sale of goods, in particular, the above-noted crutches.

67.     The Medline and Amazon Defendants, individually and/or collectively,  are liable to Plaintiff under the theory of strict liability pursuant to applicable law.

68.     The subject crutches were expected to, and did reach users, including Plaintiff without substantial change in the condition in which it was sold.

69.     When the crutches left the control of the Medline and Amazon Defendants, they were in a defective condition creating risk of harm to a user, including Plaintiff.

70.     The defective condition of the crutches made them unreasonably dangerous for their intended use.

71.     Plaintiff was a user of the crutches and was unaware of the defective conditions of the crutches.

72.     Plaintiff used the crutches in a reasonable, foreseeable and intended manner.

73.     At all times material hereto, the crutches were defective and unreasonably dangerous, because the dangerous and unreasonably defective condition of the crutches was unknowable and unacceptable to the average and/or ordinary consumer, such as Plaintiff.

74.     At all times material hereto, the crutches were defective and unreasonably dangerous, because the probability and seriousness of the harm caused by the defective and unreasonably dangerous crutches outweighed the burden or costs of taking precautions.

75.     The crutches failed to perform as safely as an ordinary consumer such as Plaintiff would expect, when used in an intended or reasonably foreseeable manner.

76.     The benefits of the design of the crutches do not outweigh the risk of danger inherent in such design.

77.     The Defendants could have provided a safer alternative design into the crutches.

78.     Such a safer alternative design existed at the time the crutches were manufactured, and it would not have been substantially impaired the crutches' utility.

79.     Such a safer alternative design was economically and technologically feasible at the time the product left the control of the Defendants, by the application of existing or reasonably achievable scientific knowledge.

80.     The defective condition of the above-noted Amazon Defendants and Medline Defendants includes, *inter alia,* the following deficiencies:

a.      designing, testing, manufacturing, marketing, distributing, developing, selling and/or supplying the crutches that breaks, fractures, is inadequately secured and/or otherwise fails during normal and foreseeable use.

b.      designing, manufacturing, distributing, supplying and/or selling a defective and unreasonably dangerous product;

14

c.   designing, manufacturing, distributing, supplying and/or selling a defective and unreasonably dangerous product which lacked the necessary elements to make it safe for use and/or which contained elements that made it unsafe;

d.   failing to incorporate an alternative and safer design and/or other guards or devices to minimize the risk of failure and/or injury during operation of the Product;

e.   failing to properly inspect or test the product in order to identify and correct any defective or unreasonably dangerous conditions discovered;

f.   malfunctioning during normal and foreseeable use;

g.   designing, equipping and selling the crutches without an adequate device and/or system to secure the elbow cuff to the crutches;

h.   designing, testing, manufacturing, marketing, distributing, developing, selling and/or supplying the crutches in such a way that persons using it would    not   be appraised of its danger;

i.   designing, testing, manufacturing, marketing, distributing, developing, selling and/or supplying the crutches in such a way that it would fail to guard against injuries to users such as those suffered by Plaintiff;

j.   designing, testing, manufacturing, marketing, distributing, developing, selling and/or supplying the crutches in such a way that made it unsafe for persons using it;

k.   failing to employ appropriate technology, components, devices and/or mechanisms which would have prevented or significantly reduced the risk of injury without impairing the crutches utility;

l.   failing to supply the crutches free of defects and fit and safe in all respects for its intended and foreseeable uses;

m.   designing, testing, manufacturing, marketing, distributing, developing, selling and/or supplying the crutches in an unsafe condition;

n.   disregarding the safety and well-being of users of the crutches by designing, manufacturing and selling them in an unsafe matter;

o.   disregarding the health, safety and well-being of users of the crutches, including Plaintiff, by failing to eliminate, rectify and/or warn of known dangers and defects which involved a substantial likelihood of injury;

p.     failing to provide adequate instructions and warnings covering all known or reasonably foreseeable eventualities;

q.     failing to recall the defective crutches;

r.     failing to recall, broadcast warn, advertise, warn or repair the design and manufacturing defect of the crutches as detailed here;

s.     failing to adequately identify, investigate, record and incorporate into its design, development, engineering, fabrication, assembly and/or manufacture of the crutches the knowledge gained from prior incidents in which the crutches caused serious injuries to their users despite the exercise of all reasonable and due care;

t.     designing, testing, manufacturing, marketing, distributing, developing, selling, and/or supplying the crutches without adequate devices to secure the elbow cuff to the crutches.

u.     designing, testing, manufacturing, marketing, distributing, developing, selling, and/or supplying the crutches without adequate instructions and warnings;

v.     selling the crutches without all original parts, safety features and equipment, and failing to inspect the crutches before sale to ensure that it contained all original parts, safety features, and equipment;

w.     consciously disregarding the safety consequences of its design decisions, which Defendants knew through prior accidents and litigation could and would result in severe injuries, and choosing to place more importance on its corporate profits than on its products' safety; and

x.     deliberately deciding to not incorporate into the design of crutches feasible and commercially available alternate designs that would have improved their product's safety and prevented Plaintiff's injuries.

81.     The above-noted defects caused Plaintiff's severe and disfiguring injuries.

82.     The aforesaid incident and Plaintiff's injuries were caused by Defendants' designing, manufacturing, marketing, distributing, developing, selling and/or supplying the crutches in a defective condition, for which they are strictly liable to the Plaintiff.

83.     The aforesaid incident and Plaintiff's injuries and losses were caused by the Amazon Defendants and Medline Defendants' designing, manufacturing, marketing, distributing,

selling and/or supplying the crutches without proper and adequate warnings, instructions, and/or guidelines for its safe use, for which they are strictly liable to the Plaintiff.

84.     As set forth above, a safer alternative design of the crutches was available to the Defendants; and in all reasonable probability, the same product could have been designed/manufactured/sold in such a manner which would have prevented or significantly reduced the risk of disfigurement and injury without impairing the crutches' utility.

85.     The cost of correctly designing the crutches was economically and technologically feasible at the time the product left the control of the Amazon Defendants and Medline Defendants

86.     The Amazon and Medline Defendants, individually and/or collectively, had actual and/or constructive knowledge of the means of designing such crutches which would not have caused the Plaintiff's injuries in the manner described above.

87.     The Amazon and Medline Defendants are strictly liable for the injuries and damages suffered by Plaintiff as a result of the misrepresentations by Defendants in selling crutches that were defectively advertised, labeled, marketed, distributed, and/or sold by the defendants so as to render it unreasonably dangerous to Plaintiff and others similarly situated.

88.     At all times material hereto, the Amazon Defendants and the Medline Defendants misrepresented the safety and efficacy of the crutches in their conduct, advertising, marketing, packaging, and/or other literature associated with this product, which the Plaintiff relied on in using the crutches.

89.     The warnings and instructions that accompanied the crutches were inadequate warnings to users and/or the general public, including Plaintiff, about the risks of disfigurement or other permanent injuries caused by the crutches.

90.    The Amazon Defendants and Medline Defendants' failure to warn included, but was not limited to:

    a.    their failure to warn that the crutches could cause serious injuries, including disfigurement;

    b.    their failure to warn of the dangers of the crutches;

    c.    their failure to warn that the crutches lacked a safety mechanism, guard, safeguard, device, mechanism, sleeve and/or base to prevent the elbow cuff from breaking, dislodging and/or otherwise failing during normal and foreseeable use;

    d.    failing to place on-product warnings on the crutches;

    e.    their failure to supply adequate warnings and instructions regarding the use, repair, inspection, maintenance, and/or installation of the crutches; and

    f.    their failure to supply adequate warnings and instructions.

91.    These defects were some of the producing causes of the Plaintiff's injuries.

92.    A safer alternative design and/or appropriate warnings would have prevented or significantly reduced the risk of Plaintiff's injuries, without substantially impairing the utility of the crutches.

93.    A safer alternative design and/or appropriate warnings were economically and technologically feasible at all times material hereto.

94.    As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the product, Plaintiff sustained serious, permanent, disfiguring and disabling injuries identified above and incorporated by reference herein.

95.    As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the product, Plaintiff has suffered and will

continue to suffer in the future great pain and anxiety, depriving plaintiff of life's pleasures, together with great embarrassment and humiliation.

96.    As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the product, Plaintiff was forced to expend various sums of money for treatment, surgery and medicine for her injuries and may be compelled to make additional expenditures for the same purpose in the future.

97.    As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the product, Plaintiff has been unable to attend her usual and customary daily activities and occupations, all to her great detriment and loss.

98.    As a direct, substantial and factual cause of the negligence, recklessness and carelessness of the Defendants and/or the defect(s) of the product, Plaintiff has and will be deprived in the future of earnings and earning capacity, all to her great detriment and loss.

WHEREFORE, Plaintiff demands damages against the Defendants, jointly and severally, in a sum in excess of One Hundred and Fifty Thousand Dollars ($150,000.00), exclusive of interest and allowable costs of suit and brings this action to recover same.   Plaintiff further demands punitive damages.

## **DAMAGES**

99.    The wrongful acts of Defendants set forth above were the legal and factual cause of Plaintiff's harms and losses.  As a result, Plaintiff seeks all damages available under New Jersey Law.

## <u>CONDITIONS PRECEDENT</u>

100.    All conditions precedent to Plaintiff's recovery under the foregoing claims have

been performed, have occurred or have been excused.

### THE PLAINTIFF CLAIMS TRIAL BY JURY.

**MESSA & ASSOCIATES, P.C.**

By:     <u>/s/ *Ramon A. Arreola*        </u>
        Joseph L. Messa, Jr., Esquire
        Ramon A. Arreola, Esquire
        Messa & Associates, P.C.
        2091 Springdale Road, Suite Two
        Cherry Hill, NJ  08003
        (856)810-9500/Fax (856)810-9918
        *Attorneys for Plaintiff*

20